UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

EDWARD JAMES CROMER,

        Plaintiff,

Case No. 1:19-cv-883

v.

Honorable Janet T. Neff

JOHN DAVIDS et al.,

        Defendants.
_____/

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $400.00 civil action filing fee applicable to those not permitted to proceed *in forma pauperis*. This fee must be paid within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $400.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

### Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are

meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Cromer v. Masker*, No. 2:13-cv-15 (W.D. Mich. Apr. 9, 2013); *Cromer v. United States of America*, No. 2:16-cv-94 (W.D. Mich. June 29,

2

2016); *Cromer v. Place*, No. 2:16-cv-108 (W.D. Mich. Sept. 30, 2016); *Cromer v. Snyder*, No. 1:17-cv-94 (W.D. Mich. Mar. 27, 2017). Additionally, Plaintiff has been denied leave to proceed *in forma pauperis* because he has filed at least three such frivolous, malicious, or insufficient complaints. *See Smith v. Washington*, No. 1:17-cv-285 (W.D. Mich. Apr. 6, 2017); *Cromer v. Snyder*, No. 1:17-cv-94 (W.D. Mich. Feb. 16, 2017); *Cromer v. Stephan et al.*, No. 1:19-cv-150 (W.D. Mich. Mar. 11, 2019).

Plaintiff is aware of his three strikes and the "imminent danger" exception that might permit him to proceed *in forma pauperis* despite those strikes. Plaintiff titled his immediately preceding complaint in *Cromer v. Stephan et al.*, "IMMINENT DANGER," mentioned imminent danger in the preface, and expressly alleged that his "'imminent danger' lawsuit bypass[es] the burden of the 3 strike rule." *Cromer v. Stephan et al.*, No. 1:19-cv-150 (Compl., ECF No. 1, PageID.1, 3.) The Court informed him that merely parroting the words "imminent danger" did not satisfy the rule.

In the present complaint, Plaintiff makes no reference to imminent danger of serious physical injury. His complaint is a mish-mash of claims challenging the lawfulness of his incarceration, the lawfulness of this placement in administrative segregation, the taking of his legal and other property, and interference with his access to the court to pursue habeas corpus relief. In addition to those claims, Plaintiff complains that Corrections Officer Unknown Tinerella, on August 28, 2019, while bringing Plaintiff to administrative segregation, pulled Plaintiff to the ground, kneed him in the ribs, and over-tightened the handcuffs. (Compl., ECF No. 1, PageID.5.) As a result, Plaintiff "sustained bruised ribs and sore and swollen wrist[s]." (*Id.*, PageID.8.) He was provided healthcare by an unknown nurse. (*Id.*) He claims he still has some pain, but that healthcare will not see him for three months. (*Id.*)

The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797-98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Serv., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013).

A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.* In *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019), the Sixth Circuit explained the meaning of serious physical injury: "A physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm. Minor harms or fleeting discomfort don't count."

Plaintiff's allegations of bruised ribs and sore wrists from an encounter weeks ago do not suffice to show an imminent danger of a serious physical injury. Plaintiff does not allege any ongoing danger from Defendant Tinerella and his bruised ribs and sore wrists do not rise to the level of potentially dangerous consequences contemplated by § 1915(g).

Because Plaintiff has failed to allege any credible imminent danger of serious physical injury, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $400.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not pay the filing fee within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $400.00 filing fee.

Dated: November 5, 2019　　　　　　　/s/ Janet T. Neff
　　　　　　　　　　　　　　　　　　Janet T. Neff
　　　　　　　　　　　　　　　　　　United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**